UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANN LISA GARSAUD | CIVIL ACTION |
| VERSUS | NO. 23-4751 |
| WAL-MART LOUISIANA, L.L.C., ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is defendants' motion to exclude evidence for spoliation.[1] Plaintiff opposes the motion.[2] For the following reasons, the Court denies the motion.

**I.   BACKGROUND**

Plaintiff Ann Lisa Garsaud filed this personal injury action on August 28, 2023, against defendants Wal-Mart Louisiana, LLC; Walmart, Inc.; Sam's East, LLC d/b/a "Sam's Club"; and Sam's Real Estate Business Trust.[3] Plaintiff alleges that on April 5, 2023, while shopping inside of a Sam's Club store in Covington, Louisiana, she tripped on a clear plastic wrap and fell.[4]

---

1   R. Doc. 18.
2   R. Doc. 19.
3   R. Doc. 1 ¶¶ 13-14.
4   *Id.* ¶¶ 13-14.

As a result of the incident, plaintiff allegedly sustained several injuries, including a tear in her rotator cuff and labrums in both shoulders and tears in her posterior cruciate ligament ("PCL") and medial meniscus in her right knee.[5] Plaintiff states in her complaint that these injuries resulted in permanent impairment and will likely require surgical repair and treatment.[6] Plaintiff asserts claims against defendants for negligence, vicarious liability, and merchant liability.[7]

Defendants now move to exclude evidence for spoliation.[8] They contend that in an email on March 12, 2024, plaintiff informed them that she had undergone knee surgery in January 2024, and was scheduled to undergo a rotator cuff surgery ten days later, on March 22, 2024.[9] Defendants assert that they had no previous knowledge of either surgery[10] and that plaintiff's failure to inform them of the knee surgery until after it was performed destroyed evidence of the pre-surgical condition of plaintiff's right knee.[11]

---

5   *Id.* ¶¶ 1, 16-17.
6   *Id.*
7   *Id.* ¶¶ 19-33.
8   R. Doc. 18.
9   R. Doc. 18-1.
10  *Id.*; *see also* R. Doc. 18-2 (email from defense counsel to plaintiff's counsel stating, "This is the first I heard about her knee surgery that was performed on 1/25/24 and her upcoming shoulder surgery on 3/22/24").
11  R. Doc. 18-1.

2

Following defense counsel's receipt of plaintiff's email, defendants requested that plaintiff delay her rotator cuff surgery to allow them to conduct an independent medical examination ("IME").[12] Plaintiff's counsel denied their request to delay the surgery, but permitted defendants to conduct an IME if it occurred before the scheduled surgery date.[13] Defendants ultimately conducted the IME on March 19, 2024, and plaintiff underwent surgery to her rotator cuff three days later. Defendants contend that although they completed the IME before the rotator cuff surgery, the defense expert had incomplete medical records to review before the examination, which is grounds for spoliation.[14] Defendants therefore request that evidence of the costs and damages related to surgeries to plaintiff's left shoulder and right knee be excluded from recoverable damages. Alternatively, defendants request that an adverse inference be given regarding plaintiff's left shoulder and right knee surgeries. Plaintiff opposes the motion.[15]

    The Court considers the motion below.

---

[12]    R. Doc. 18-2 at 2.
[13]    *Id.* at 1.
[14]    R. Doc. 18-1.
[15]    R. Doc. 19.

3

## II. LEGAL STANDARD

The spoliation of evidence doctrine concerns the intentional destruction or the significant and meaningful alteration of evidence. *Van Winkle v. Rogers*, 82 F.4th 370, 374 (5th Cir. 2023) (citation omitted); *Menges v. Cliffs Drilling Co.*, No. 99-2159, 2000 WL 765082, at *1 (E.D. La. June 12, 2000) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994)). If a party intentionally destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party or "permit an adverse inference against the spoliator." *Van Winkle*, 82 F.4th at 374 (quoting *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (internal quotation marks omitted)). This includes an instruction to the jury to infer that "that the evidence would have been unfavorable to the party responsible for its destruction." *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998); *see also Van Winkle*, 82 F.4th at 374-75 ("Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party." (citation and internal quotation marks omitted)). *See, e.g.*, *Vodusek*, 71 F.3d at 155; *Schmid*, 13 F.3d at 78; *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Nation-Wide Check*

4

*Corp. v. Forest Hills Distribs.*, 692 F.2d 214, 217-18 (1st Cir. 1982); *In re Hopson Marine Transp., Inc.*, 168 F.R.D. 560, 567 (E.D. La. 1996). The adverse inference rule "derives from the common sense notion that a party's destruction of evidence which it has reason to believe may be used against it in litigation suggests that the evidence was harmful to the party responsible for its destruction." *Kronisch*, 150 F.3d at 126. Accordingly, to restore the prejudiced party, an adverse inference "plac[es] the risk of an erroneous judgment on the party that wrongfully created the risk." *Id.* (quoting *Nation-Wide Check*, 692 F.2d at 218).

Before a court may consider imposing sanctions, "the party having control over the evidence must have had an obligation to preserve it at the time it was destroyed." *Menges*, 2000 WL 765082, at *3. Such a duty arises "when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman*, 804 F.3d at 713. Once a court concludes that a party was obliged to preserve the evidence, it must then consider whether the evidence was intentionally destroyed and the likely contents of that evidence. *Id.* The Fifth Circuit requires the party who seeks sanctions to show that the alleged spoliator engaged in "bad faith or bad conduct." *Van Winkle*, 82 F.4th at 374 (citation omitted) ("We permit an adverse inference against the spoliator or sanctions

against the spoliator only upon a showing of bad faith or bad conduct." (citation and internal quotation marks omitted)); *see also Guzman*, 804 F.3d at 713 ("Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."). Negligence is not enough to support the imposition of sanctions for spoliation, "for it does not sustain an inference of consciousness of a weak case." *Vick v. Tex. Emp. Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975). Accordingly, a party seeking spoliation sanctions must show that: (1) the spoliating party controlled the evidence and had been under an obligation to preserve it at the time of destruction; (2) the evidence was intentionally destroyed with a culpable state of mind; and (3) the spoliating party acted in bad faith. *Coastal Bridge Company, L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020) (citations omitted).

## III. DISCUSSION

### A. Right Knee Surgery

Defendants first seek to exclude evidence of the costs and damages related to plaintiff's right knee surgery, which occurred before defendants conducted their IME.[16] Defendants contend that they are unduly prejudiced

---

16    R. Doc. 18-1.

6

by plaintiff's failure to preserve evidence of the post-accident, pre-surgical condition of her knee because, without having had the opportunity to conduct an IME, they are unable to determine whether the surgery was medically necessary.[17]

When plaintiff agreed to undergo knee surgery, she knew or should have known that the condition of her knee would be pertinent to this litigation. *See Guzman*, 804 F.3d at 713. Plaintiff underwent the surgery in January 2024, nearly five months after she filed this suit. At the time, plaintiff was represented by counsel, and plaintiff alleged an injury to her right knee, among other injuries, in her complaint. Thus, plaintiff had an obligation to preserve the evidence at issue—the condition of her right knee—before undergoing surgery. *See id.*; *see also Collongues v. State Farm Auto. Ins. Co.*, No. 09-3202, 2010 WL 103878, at *2 (E.D. La. Jan. 7, 2010) (holding that because plaintiff filed suit and was engaged in discovery concerning her medical condition, "there [was] no doubt that [p]laintiff was on notice that the evidence [of her pre-surgical condition] was relevant to this litigation," thus creating a duty to preserve the evidence); *Savarese v. Pearl River Nav., Inc.*, No. 09-129, 2010 WL 1817758, at *3 (E.D. La. Apr. 30, 2010) (holding that because plaintiff was represented by counsel and

---

17   *Id.* at 6.

alleged injuries to his spine in his complaint, he arguably had an obligation to preserve the evidence of the condition of his neck before undergoing surgery).

But even though plaintiff had a duty to notify defendants of her knee surgery, breach of this duty does not amount to spoliation of evidence. Defendants had ample opportunity to investigate plaintiff's condition and to request an IME of her knee before the surgery in January, but they failed to do so despite having nearly five months since plaintiff notified them in her complaint of her knee injury and intention to have corrective surgery "in the near term."[18] And plaintiff further alerted defendants of her need for surgery to her right knee in her initial discovery response, stating that the injuries to her right knee "will require corrective surgery to repair,"[19] and identifying several medical providers that may be involved in "future surgeries."[20] The Fifth Circuit has held that a plaintiff's disclosure of his or her intent to have surgery through discovery suggests that the plaintiff was not seeking to deceive the defendants or otherwise acting in bad faith. *Guzman*, 804 F.3d at 713. In *Guzman v. Jones*, 804 F.3d 707 (5th Cir. 2015), the defendants appealed a district court's decision to admit evidence of plaintiff's medical

---

[18]  R. Doc. 1 ¶ 17.
[19]  R. Doc. 18-4 at 5.
[20]  *Id.* at 9.

8

expenses and refusal to provide an adverse instruction based on the plaintiff's spoliation of evidence after the plaintiff underwent back surgery before a requested medical examination. *Id.* at 709. Defendants in that case had requested that the plaintiff submit to an IME, but plaintiff underwent the back surgery one month before they conducted the IME. *Id.* at 710. On appeal, the Fifth Circuit recognized that even if the plaintiff "may have been under a duty to preserve" because of his knowledge of the defendants' desire to conduct an IME, there was insufficient evidence to show that the plaintiff acted in bad faith to sustain defendants' spoliation theory. *Id.* at 713. Specifically, the Fifth Circuit noted that the plaintiff had disclosed his intent to have surgery during his deposition, and that after this disclosure, defendants "made no request to be informed of his surgery date, nor did they ask that he delay surgery pending his examination." *Id.*; *see also Collongues*, 2010 WL 103878, at *2-3 (denying spoliation motion when defendant did not request IME until after surgery had occurred, and finding that defendant's "failure to investigate plaintiff's condition and to require an IME [before] the surgery negates the notion that plaintiff intentionally destroyed evidence by undergoing surgery"); *Menges*, 2000 WL 765082, at *3 (holding that because defendant chose not to investigate plaintiff's condition and to require an IME before plaintiff underwent surgery, there was insufficient

9

evidence that plaintiff intentionally destroyed evidence when he underwent surgery).

Here, as in *Guzman*, plaintiff disclosed her intent to undergo corrective surgery to her right knee, both in her complaint and through discovery responses.[21] Despite such notice, defendants did not inquire as to the details of the planned surgery or request that an IME be performed before the knee surgery. The Court therefore finds that even if plaintiff had a duty to preserve evidence of the pre-surgical condition of her knee, defendants have failed to show that plaintiff acted in a manner intended to deceive defendants or that she undertook the surgery with the intent of destroying or altering the evidence. *See id.*; *see also Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (affirming denial of spoliation sanctions when defendant did not request inspection within one month of being notified of damage to shipping container); *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 458 (2d Cir. 2007) (reversing decision to grant adverse inference instruction, in part, because defendant had not requested preservation of the evidence at issue); *Palazzo v. Quality First Const., L.L.C.*, No. 21-778, 2022 WL 3716488, at *2 (E.D. La. Aug. 29, 2022) (denying spoliation request, in part, because there was no evidence of bad faith when

---

21   R. Docs. 1, 18-3, & 18-4.

moving party did not request the evidence in initial discovery requests and did not inquire about the evidence until over a year later). Defendants have therefore failed to meet their burden with respect to the requested spoliation inference on plaintiff's right knee surgery.

### B. Shoulder Surgery

Defendants further contend that plaintiff intentionally spoliated evidence and acted in "bad faith" by notifying them of her rotator cuff surgery only ten days before the surgery was scheduled to occur.[22] As a result, defendants contend that they were unable to adequately prepare for the IME, and consequently suffered irreparable harm.[23]

As with plaintiff's right knee, the Court finds that plaintiff had a duty to preserve evidence of the pre-surgical condition of her rotator cuff, as it is clear from plaintiff's complaint that she knew that the condition of her shoulder would be pertinent to the lawsuit.[24] *See Guzman*, 804 F.3d at 713. Nevertheless, there is insufficient evidence to suggest that plaintiff acted in bad faith to sustain defendants' spoilation claim. Plaintiff's counsel notified defendants in an email dated March 12, 2024, and in supplemental discovery

---

[22]  R. Doc. 18-1.
[23]  *Id.*
[24]  R. Doc. 1.

11

responses on March 11, 2024, that plaintiff was scheduled to undergo rotator cuff surgery on March 22, 2024.[25] Plaintiff promptly agreed, upon defendants' request, to undergo an IME of her shoulder, so long as it was conducted before her scheduled surgery.[26] Although defendants initially requested that plaintiff delay her surgery so that they could obtain her complete medical records and conduct the IME,[27] they were able to schedule and perform the IME on March 19, 2024,[28] before plaintiff's shoulder surgery and without need for delay. *See Magnolia Fleet, LLC v. Gray*, No. 18-8363, 2018 WL 5619995 (E.D. La. Oct. 30, 2018) ("[C]ourts have required that an IME must occur prior to surgery to avoid spoliation of evidence." (citations omitted)); *Julien v. EPL Oil & Gas, Inc.*, No. 15-557, 2015 WL 4937900, at *3 (E.D. La. Aug. 17, 2015) ("To avoid spoliation of evidence, the IME must occur before Plaintiff's shoulder surgery."); *Gant v. Helix Energy Sol. Grp.*, No. 07-0618, 2007 WL 2316526, at *1 (W.D. La. Aug. 9, 2007) ("[D]efendants are entitled to an IME and said IME should be conducted prior to plaintiff's surgery."). Defendants cite no authority supporting a finding of spoliation when, as here, an IME was successfully

---

[25]   R. Doc. 18-2 at 2; R. Doc. 18-3 at 2, 5.
[26]   R. Doc. 18-2 at 1.
[27]   *Id.* at 2.
[28]   R. Doc. 18-6; R. Doc. 19-1.

12

conducted before surgery, even when the IME was conducted on relatively short notice and with incomplete medical records. Indeed, in the cases cited by defendants in support of their argument that notice of plaintiff's rotator cuff surgery ten days before it was scheduled is grounds for spoilation, the parties claiming spoilation were *not* able to obtain an IME before surgery due to last-minute or insufficient notice. *See, e.g.*, *All Coast, LLC v. Shore Offshore Servs., LLC*, No. 21-258, 2023 WL 4996551, at *7-8 (E.D. La. July 11, 2023) (holding that four days' notice of surgery prejudiced defendant because it was "not reasonable to permit the scheduling of IME," and finding spoilation because plaintiff underwent surgery before the requested IMEs were conducted); *Young v. Canadian Nat'l/Illinois Cent R.R. Co.*, 04-CV-88, 2005 WL 8155474, at *4 (M.D. La. Sept. 23, 2005) (holding that plaintiff "improperly destroyed relevant evidence that might be important to [d]efendants' case" when he had back surgery before affording the defendants an opportunity to obtain a requested IME).

Additionally, as with plaintiff's right knee, plaintiff disclosed her injury to her shoulders and the need for corrective surgery to her rotator cuff "in the near term" both in her complaint and in her discovery responses.[29] Plaintiff's early disclosure of her rotator cuff injury and plan for surgery

---

[29]   R. Doc. 1 at 1, 6; R. Doc. 18-4 at 5; R. Doc. 18-3 at 2.

13

suggests that plaintiff was not seeking to deceive defendants or otherwise acting in bad faith. *See Guzman*, 804 F.3d at 713. Defendants did not ask about the surgery date when they received earlier notice or request an IME of plaintiff's shoulder earlier. Thus, the Court finds that there was no spoilation of evidence as to the pre-surgical condition of plaintiff's rotator cuff, nor was their evidence that plaintiff acted in bad faith.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to exclude evidence for spoilation.

New Orleans, Louisiana, this \_\_6th\_\_ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE