UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANNA LISA GARSAUD | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4751 |
| WAL-MART LOUISIANA LLC, ET AL. | * | SECTION "R" (2) |

**ORDER AND REASONS**

Pending before me is Defendants Wal-Mart Louisiana, LLC, Walmart Inc., Sam's East, Inc., and Sam's Real Estate Business Trust's Motion to Compel Tax Returns. ECF No. 22. Plaintiff Ann Lisa Garsaud timely filed an Opposition Memorandum and Defendants filed a Reply Memorandum. ECF Nos. 23-24. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Compel (ECF No. 22) is GRANTED IN PART for the reasons stated herein.

**I.    BACKGROUND**

This is a personal injury suit arising from an alleged slip and fall at a Sam's Club in Covington, Louisiana on April 5, 2023. ECF No. 1. Plaintiff's Complaint seeks damages for, *inter alia*, past and future lost wages. *Id*. ¶ 15.

Plaintiff works as an independent contractor for Keller Williams Realty. She operates her real estate business through The Garsaud Group, LLC ("TGG"), a company she formed with her daughter. ECF No. 22-5 at 17. Plaintiff performs her work on a commission basis, and Keller Williams claims 36% of commissions earned on real estate sales until the company receives

1

$18,500 a year, after which TGG receives the entire sales commission from real estate sales.[1]

Plaintiff and her daughter split TGG income on a 70%/30% basis.[2]

Plaintiff has produced various financial documents to date, including:

- 1099-MISC tax forms for TGG received from Keller Williams for the years 2019-2024;[3]

- A "Multi-Year Trends" document from Keller Williams reflecting "gross receipts for each month for a five year period, dividing up income by work type";[4]

- "[A]dditional accounting information for her 2024 business operations including commission payment breakdowns";[5] and

- A document "itemizing each check paid by TGG to Lisa Garsaud."[6]

Plaintiff also cites her deposition testimony as sufficient evidence of her income.

Defendants now seek to compel production of Plaintiff's personal tax returns for the years 2018-2022, arguing that same are relevant to Plaintiff's lost wages claim and necessary to confirm her net income. ECF No. 22. Defendants argue that Plaintiff is attempting to use misleading documents, including 1099 forms for Plaintiff's real estate LLC, to inflate her income, thus production of Plaintiff's personal tax returns is necessary to determine her actual income, particularly because Plaintiff and her daughter both share in the business' profits. ECF No. 22-1 at 2-3.

In Opposition, Plaintiff argues that the motion should be denied given Defendants' failure to engage in a meaningful Rule 37 conference regarding production of tax returns before filing the motion. ECF No. 23. Plaintiff objects to production of her personal tax returns, citing privacy

---

[1] *Id*. at 17-18.
[2] *Id*. at 17.
[3] ECF No. 22-8 at 8-12.
[4] ECF No. 22-7 at 4; 7-12.
[5] ECF No. 22-8 at 3.
[6] *Id*.

2

concerns given the tax returns contain unrelated personal information about both Plaintiff and her husband, with whom she jointly files taxes. *Id*. at 2.  Plaintiff further argues that Defendants have no compelling need for her tax returns because she already provided them with ample information about her business' income in written discovery responses and at her deposition.  *Id*. at 3-5.  Plaintiff also asserts that the motion to compel is moot because she is willing to produce redacted Schedule C forms to Defendants, though they never requested such forms specifically until the motion was filed.  *Id*. at 9-11.  As to Defendants' concern that 1099 documents for the real estate LLC fail to reflect Plaintiff's individual income from the business, Plaintiff contends that this argument is a red herring because she explained membership distributions to herself and her daughter in written discovery responses and Defendant may also depose her daughter regarding the topic.  *Id*. at 12-13.

In Reply, Defendants argue that the tax returns will provide the most accurate information available about Plaintiff's income given that the documents provided to date do not clearly indicate same.  ECF No. 24.  Defendants also dispute Plaintiff's contention that the parties failed to engage in a meaningful Rule 37 conference and that, even they had not, the motion is "clearly inevitable because Plaintiff does not want to produce the tax returns." *Id*. at 2.  In response to Plaintiff's invitation to depose her daughter to obtain income information, Defendants assert that doing so would cause undue burden and expense for information that is easily shown on a tax return.  Defendants note that they agree to production of returns with redactions of Plaintiff's husband's income information, mooting any privacy concerns. *Id*.

## II.   APPLICABLE LAW

### A. The Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).  Rule 26(b)(2)(C) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The relevancy evaluation necessarily begins with an examination of Plaintiff's claims.[7] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[8]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[9]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

---

[7] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[8] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[9] *Id.* n.5 (citation and quotation omitted).

4

case."[10] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[11] If relevance is in doubt, the court should be permissive in allowing discovery.[12]

### B. Tax Records

Tax records are neither privileged nor undiscoverable.[13] Courts are, however, reluctant to order the disclosure of tax records because they are considered "highly sensitive documents."[14] To determine whether tax records should be produced, the moving party must "demonstrate both: (1) that the requested tax information is 'relevant' to the subject matter of the action; and (2) that there is a 'compelling need' for the information because the information contained in the tax records is not 'otherwise readily obtainable' through alternative forms of discovery."[15] Numerous courts have recognized that tax information is relevant where a party has placed the subject of her income/earning capacity at issue in litigation.[16]

### III. ANALYSIS

Defendant cites several cases supporting the proposition that Plaintiff's personal tax returns are relevant.[17] Relevancy, however, does not appear to be at issue, and even if it were, Plaintiff

---

[10] *Id.* (citations omitted).
[11] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[12] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[13] *F.D.I.C v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).
[14] *Nat. Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).
[15] *Butler v. Exxon Mobil Refin. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *Nat. Gas Pipeline Co.*, 2 F.3d at 1411).
[16] *Butler*, 2008 WL 4059867, at *2 & n.5 (citing *Green v. Seattle Art Museum*, 2008 WL 624961 (W.D. Wash. 2008) and collecting other cases)); *Campos v. Zurich Am. Ins. Co.*, No. 21-03923, 2022 WL 3647722, at *6 (W.D. La. Aug. 24, 2022) (citing *E.E.O.C. v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009) (ordering discovery of tax records or production of signed form authorizing release of same, in connection with disparate treatment claim); *Thai Miller Truck Lines Inc.*, No. 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters)).
[17] *See* ECF No. 22-1 at 5 & n.17 (collecting cases).

has plainly placed the subject of her income and earning capacity at issue, rendering the tax returns relevant to her claims.[18]  Instead, Plaintiff disputes that Defendant has established a compelling need for her joint tax returns given her production of various financial documents, including her company's 1099s.  Defendants contends that "Plaintiff is attempting to use misleading documents to inflate her income," specifically by providing information on gross income instead of net income to establish lost wages.  ECF No. 22 ¶ III.

Acknowledging that Plaintiff and her husband file taxes jointly, Defendants do not object to partial redaction of Plaintiff's tax returns to conceal her husband's income information.  *Id*.  Likewise, in response to the motion to compel, Plaintiff indicates that she is willing to provide redacted Schedule C forms, which she defines as "all similar filing forms that could be used to illustrate business income as part of a tax filing," and "any Schedule or Attachment was affixed to Ms. Garsaud's tax return for the purpose of calculating her net income or tax liability solely from Garsaud Group, LLC, irrespective of which form was used."  ECF No. 23 at 10 & n.1.

Plaintiff testified in her deposition that she does not "pay attention" to her net income and "would have to go to [her] tax returns" to determine same.  ECF No. 22-9 at 3.  Plaintiff appears to have agreed to provide her tax returns and stated that she did not understand why her counsel objected to their production.  *Id*. at 4-5.  Plaintiff's counsel later indicated that he would "revisit [his] objection, because it sounds like this might not be a completely typical straightforward situation where there's an easily obtainable company record that tells the whole story."  *Id*. at 8.  The court agrees.

---

[18]*See Butler*, 2008 WL 4059867, at *2 & n.5 (citing *Green v. Seattle Art Museum*, 2008 WL 624961 (W.D. Wash. 2008) and collecting other cases)); *Campos*, 2022 WL 3647722, at *6 (citing *E.E.O.C. v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009); *Thai Miller Truck Lines Inc.*, 2006 WL 2349605, at *1.

Although Plaintiff has produced various financial records, the documents produced do not provide a clear, concise calculation of her personal net income. Plaintiff's tax returns are relevant to her lost wages claim, and she has failed to identify a readily obtainable alternative source clearly reflecting her individual net annual income.[19] Accordingly, Plaintiff must produce her individual tax returns for the years 2019-2022. As stipulated by Defendants, Plaintiff may redact her husband's personal identifying and income information. The protective order in place (ECF No. 17) alleviates any additional privacy concerns.

IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 22) is GRANTED IN PART. Plaintiff must produce her tax returns for the years 2019-2022, with redactions of her husband's income information as stipulated by Defendants, within thirty days.

New Orleans, Louisiana, this ___29th___ day of July, 2024.

*Donna Phillips Currault*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[19] *See Lewis v. Shafer Project Res., Inc.*, No. 19-353, 2021 WL 2216626, at *1 (citing *Rafeedie v. L.L.C., Inc.*, No. 10-743, 2011 WL 5352826, at * 2 (W.D. Tex. Nov. 7, 2011) (citing *F.D.I.C v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)))